IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-02402-WYD-CBS

AJAY TIPNIS,

    Plaintiff,

v.

EMERY TELEPHONE D/B/A EMERY TELCOM;
EMERY TELCOM HC, INC.;
HANKSVILLE TELCOM, INC.;
EMERY TELECOMMUNICATIONS & VIDEO, INC.;
CARBON/EMERY TELCOM, INC.;
EMERY TELCOM LONG DISTANCE, INC.;
EMERY TELCOM-WIRELESS, INC.,

    Defendants.

---

**ORDER**

---

I.    <u>INTRODUCTION</u>

THIS MATTER is before the Court on Defendants' Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(2) and 12(b)(3), or, Alternatively, to Transfer this Matter to the United States District Court for the District of Utah (filed January 2, 2007).  Defendants [also referred to as "Emery"] assert that the case should be dismissed for lack of personal jurisdiction and for improper venue, or, alternatively, that the case should be transferred to Utah where venue is appropriate.

The case arises from Plaintiff's termination from employment with Emery on December 31, 2005.  Plaintiff was employed as the Chief Financial Officer ["CFO"]. Plaintiff alleges that "Defendants engaged in unlawful disparate treatment by demoting

[him], tolerating and fostering an unlawful hostile work environment against him, and terminating his employment because he was the only Hindu Asian-American in a predominantly Latter Day Saints (LDS)/Morman workplace." (Comp., Introduction.) Plaintiff also alleges that Defendants "retaliated against [him] because he reported discriminatory and harassing treatment to the Board of Directors" and that Defendants intentionally discriminated against him based on race, color, national origin, and/or religion. (*Id.*) Plaintiff asserts claims of employment discrimination, hostile work environment, and retaliation under 42 U.S.C. § 2000e-3(a) and 42 U.S.C. § 1981.

For the reasons stated below, I grant Defendants' Motion on the basis of venue, and transfer the case to the United States District Court for the District of Utah. Since I find that venue is not proper, I need not address the argument that the Court lacks personal jurisdiction over Defendants.

II.   ANALYSIS

   1.   Whether Venue is Proper in this Jurisdiction

Title VII's venue provision, rather than the general venue statute, governs venue in Title VII actions such as this. *Pierce v. Shorty Small's of Branson Inc.*, 137 F.3d 1190, 1191 (10th Cir. 1998). Further, where a plaintiff brings a Title VII action under both 42 U.S.C. §§ 1981 and 2000e-5(f)(3) the latter venue provision controls. *See Trujillo v. Total Business Sys., Inc.,* 704 F. Supp. 1031, 1032 (D. Colo. 1989).

Under Title VII, venue is proper in any district in the State (I) where "the unlawful employment practice is alleged to have been committed"; (ii) where "the employment records relevant to such practice are maintained and administered"; (3) where "the

aggrieved person would have worked but for the alleged unlawful employment practice"; or (4) if the respondent is not found within any such district, where the respondent has his principal office. 42 U.S.C. § 2000e-5(f)(3). When a defendant challenges venue, the plaintiff has the burden of showing that venue in the forum is proper. See *Etienne v. Wolverine Tube, Inc.*, 12 F. Supp. 2d 1173, 1180 (D. Kan. 1998). I discuss below whether Plaintiff has proved that venue is appropriate in the District of Colorado under each of the first three Title VII venue provisions.[1]

      A.  <u>Where the Alleged Unfair Employment Practices Were Committed</u>

In the first of the situations under 42 U.S.C. s 2000e-5(f)(3), venue is appropriate in the district where the alleged unlawful employment practice was committed. Here, Plaintiff alleges that the unfair employment practices are retaliation, a hostile work environment, a demotion and termination. As to where these actions occurred, the Complaint alleges that Emery submitted to pressure by its LDS/Mormon employees, board members, and community (all of whom are in Utah), retaliated against Plaintiff, and ultimately terminated his employment. (Compl. ¶ 37). It is undisputed that all of these actions and/or decisions to take the actions occurred in Utah.

While Plaintiff lived in Colorado when the actions at issue, including his termination, occurred, this is not the operative fact. Instead, courts confronted with facts similar to those in the case at bar have held that "'the Court must look to the place where the allegedly decisions and actions concerning the employment practices occurred." *Ifill v. Potter*, No. 05-232, 2006 WL 3349549, at *2 (D.D.C. 2006) (quoting

---

[1] The fourth provision is not in dispute in this case.

*Hayes v. RCA Serv. Co.*, 546 F. Supp. 661, 663 (D.D.C. 1982)); *see also Amirmokri v. Abraham*, 217 F. Supp. 2d 88 (D.D.C. 2002); *Johnson v. Washington Gas Light, Inc.*, 89 F. Supp.2d 45, 46 n. 3 (D.D.C. 2000).

Plaintiff also asserts a hostile work environment. His response to Defendants' motion asserts that this hostile work environment is alleged to have occurred both in Colorado and Utah. Resp. at 8-9. However, the Complaint only references conduct that occurred in Utah in connection with this claim. *See* Comp. ¶ 38 (certain Emery employees reported him to the Utah Attorney General, falsely accusing him of financial misconduct -- it is undisputed that all these employees work and live in Utah), ¶ 40 (Emery, who is located in Utah, failed to investigate reports by Plaintiff that he was subjected to unlawful discrimination and took adverse actions against him because of his protected conduct), ¶¶ 41 and 44 (Emery failed to take disciplinary action against employees who had made false reports against Plaintiff and ratified discriminatory and harassing conduct of its employees), ¶ 44 (Emery terminated Plaintiff and hired a Mormon replacement). Plaintiff has not presented any other evidence that supports his claim that any unfair employment practices occurred in Colorado.

Based on the foregoing, I find that the actions and decisions relating to the alleged unfair employment practices were made by Emery's employees and officers in Utah. I further find that Plaintiff has not shown that any discriminatory actions occurred in Colorado. Accordingly, I find that venue is not proper in this District under the first prong of 42 U.S.C. § 2000e-5(f)(3).

### B. Where the Employment Records Are Located

The second venue provision also does not provide a basis for venue in this District. As Plaintiff concedes, the relevant employment records for this case are maintained and administered in Utah.

### C. Where Plaintiff Would Have Worked "But For" the Unfair Employment Practices

Under the third prong, venue is proper in the district where the Plaintiff would have worked "but for" the alleged unfair employment practices. *See* 42 U.S.C. § 2000e-5(f)(3). Thus, I must determine where Plaintiff would have been working if he had not been terminated.

The record indicates that while Plaintiff was originally required to move to Utah when he was hired for the job, at some point Defendants acquiesced and allowed Plaintiff to work from Colorado. However, the record also indicates that as a result of the Utah Attorney General's Office launch of a criminal investigation into Emery's financial practices (which included an investigation of Plaintiff and the department he supervised), the Board of Directors of Emery then determined that it would require Emery's CFO to live within the Emery service area in Utah in order to provide on-site supervision of the accounting department. (Killpack Affidavit, Ex. 3 to Defs.' Br. in Supp. of Their Mot. to Dismiss, ¶ 18.) There is evidence in the record that members of Emery's Board of Directors advised Plaintiff as early as May 2005 that he needed to relocate to Utah or Emery would begin a search for a new CFO. (Ex. 4, Defs.' Br.) This

evidence also shows that Plaintiff was aware of this directive, as well as the consequences of his ongoing refusal to comply. (*Id.*)

Accordingly, if Plaintiff had not been terminated, it appears that he would have been required to move to Utah. In other words, Plaintiff would have been working in Utah but for the alleged unlawful employment practices, including his termination. Therefore, I find that venue is also not proper under the third prong of 42 U.S.C. § 2000e-5(f)(3). Having found that venue is not proper under any of the provisions of the venue statute, I find that Defendants' motion should be granted. Rather than dismiss the action, however, I find that a transfer of the case to the United States District Court for the District of Utah is appropriate..

> 2. <u>Alternatively, Whether the Action Should to Transferred to the District of Utah Pursuant to 42 U.S.C. § 1404</u>

I also find that even if venue were proper in this forum, the case should be transferred to the United States District Court for the District of Utah pursuant to 28 U.S.C. § 1404(a). That statute provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district of division where it might have been brought." *Id.*

The decision of whether to transfer an action lies within the sound discretion of the trial judge. *See Texas Eastern Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir.1978). I must "adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quotation omitted).

Among the factors to be considered are: 1) the plaintiff's choice of forum; 2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; 3) the cost of making the necessary proof; 4) questions as to the enforceability of a judgment if one is obtained; 5) relative advantages and obstacles to a fair trial; 6) difficulties that may arise from congested dockets; 7) the possibility of the existence of questions arising in the area of conflict of laws; 8) the advantage of having a local court determine questions of local law; and 9) all other considerations of a practical nature that make a trial easy, expeditious and economical. *Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1516 (10th Cir. 1991) (quotation omitted).

Plaintiff argues that the case should not be transferred, asserting among other things that his choice of forum must be given deference, that Colorado has an interest in protecting its citizens from unlawful employment practices, and that he is not financially in a position to prosecute his case in Utah. I have considered these factors, and find that they are outweighed by other factors.

Specifically, Emery has presented unrebutted evidence that virtually every witness who may be called (other than Plaintiff) lives in Utah. Indeed, Plaintiff has not identified in his response brief any witnesses other than himself who reside in Colorado. Further, the vast majority of evidence is in Utah, as that is where Emery's employment records are located. Finally, it is undisputed that numerous individuals who likely possess information relevant to the claims and defenses no longer have any affiliation with Emery, such that Emery has no means to secure their cooperation or attendance at a deposition or trial. (Ex. 1 at ¶ 12.) Accordingly, this matter will necessarily involve the issuance of subpoenas for deposition and trial to witnesses. As

the witnesses in Utah are more than 100 miles from this Court, they are outside the Court's subpoena power. I find that these factors, including the convenience of the witnesses, outweigh the considerations posited by Plaintiff.[2] Under these circumstances, I find that this case should be transferred to the District of Utah in the interests of justice.

III.   CONCLUSION

For the reasons addressed in this Order, I find that this is the improper venue for this action. I further find that the case should be transferred to the United States District Court for the District of Utah. Accordingly, it is

ORDERED that Defendants' Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(2) and 12(b)(3), or, Alternatively, to Transfer this Matter to the United States District Court for the District of Utah (filed January 2, 2007) is **GRANTED IN PART AND DENIED IN PART**. Specifically, the motion to dismiss is denied, and the motion to transfer the case to the United States District Court for the District of Utah is granted. In accordance with this ruling, it is

ORDERED that the Clerk of Court transfer this case to the United States District Court for the District of Utah.

Dated: May 3, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge

---

[2] I also note that Plaintiff has argued that he may not obtain a fair trial in Utah because he is not Morman. I reject this argument, finding it is speculative. As to Plaintiff's argument that he wants to retain Colorado counsel, this would not necessarily be prohibited if the case were transferred. DUCivR 83-1.1 allows nonresident attorneys to be admitted pro hac vice to the District of Utah under certain conditions.